IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                      NO. 2:26-CR-036-Z

ANDRE SHEMAR LEWIS

## FACTUAL RESUME

In support of Andre Shemar Lewis's plea of guilty to the offenses in Counts One and Three of the Indictment, Lewis, the defendant, Eric Coats, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), that is, Possession with Intent to Distribute Marijuana, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*:     That the defendant knowingly or intentionally possessed a controlled substance;

*Second*:     That the substance was in fact marijuana; and

*Third*:     That the defendant possessed the substance with the intent to distribute it.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

**Andre Shemar Lewis**
**Factual Resume—Page 1**

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

To prove the offense alleged in Count Three of the Indictment, charging a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), that is, Convicted Felon in Possession of a Firearm, the government must prove each of the following elements beyond a reasonable doubt:[2]

*First.*  That the defendant knowingly possessed a firearm as charged;

*Second.*  That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;

*Third.*  That the defendant knew he had been convicted in a court of a crime punishable by a term of imprisonment in excess of one year; and

*Fourth.*  That the firearm possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

## STIPULATED FACTS

1.   Andre Shemar Lewis, defendant, admits and agrees that on or about March 16, 2026, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did intentionally or knowingly possess with intent to distribute a mixture or substance

---

[2] Fifth Circuit Pattern Jury Instruction 2.43D, 1.48 (5th Cir. 2024).

Andre Shemar Lewis
Factual Resume—Page 2

containing a detectable amount of Marijuana, a Schedule I controlled substance. In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D).

2.    Lewis also admits and agrees that on or about March 16, 2026, in the Amarillo Division of the Northern District of Texas, and elsewhere, he, knowing he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in or affecting interstate or foreign commerce a firearm, that is, a Taurus, Model G2C, .40 S&W caliber, semi-automatic handgun, serial number AED254609. In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8).

3.    On March 16, 2026, an Amarillo Police Department (APD) motorcycle officer saw a white 2025 Buick Envista traveling 58 mph in a 40-mph-zone. The officer attempted to make a traffic stop. The Envista delayed pulling over for about 8 or 9 blocks and the officer saw the driver making furtive movements in the car.

4.    The Envista finally pulled over. Using the bullhorn speaker, the officer instructed the driver to turn the car off and place the keys on top of the roof. The driver yelled that he couldn't find the key fob to turn the car off. The officer instructed the driver to keep both hands outside the driver's side window.

5.    The driver and sole occupant was Andre Shemar Lewis. Lewis claimed he had to go to the bathroom, which was why he didn't stop. The officer had Lewis exit the car and he was handcuffed. Due to Lewis's furtive movements and the odor of marijuana coming from the car, APD officers searched the Envista.

6.    There was a small marijuana blunt in the center console. There was a gray Nike backpack in the back seat. Inside that backpack were 8 bags of marijuana packaged

Andre Shemar Lewis
Factual Resume—Page 3

for sale. Lewis claimed ownership of the gray backpack in the car and said there was definitely "weed" in the car.

7.      Under the driver's side floorboard carpet, officers found a larger bag of marijuana, and a Taurus, Model G2C, .40 S&W caliber, semi-automatic handgun, serial number AED254609. The quantity of marijuana and the manner of packaging indicates that it was intended for distribution.

8.      Lewis admits that on March 16, 2026, he knowingly or intentionally possessed a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, and that he possessed that marijuana with the intent to distribute it. Lewis admits that he knowingly possessed the Taurus firearm described in this factual resume and this item meets the definition of a "firearm" under federal law.

9.      On February 1, 2022, in the United States District Court for the Northern District of Texas, Amarillo Division, Lewis was convicted of Possession with Intent to Distribute Marijuana, a felony offense, and sentenced to 21 months' imprisonment. Because Lewis served time in federal prison, he knew he had been convicted of a felony offense.

10.     According to open-source records and the manufacturer's stamp on the Taurus, Model G2C, .40 S&W caliber, semi-automatic handgun, serial number AED254609, that firearm was made in Brazil or Bainbridge, Georgia. Accordingly, that firearm traveled in interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

Andre Shemar Lewis
Factual Resume—Page 4

11.    Lewis admits that the Taurus, Model G2C, .40 S&W caliber, semi-automatic handgun, serial number AED254609, was involved in, or used in, the knowing violation of 18 U.S.C. § 922(g)(1) and, therefore, this firearm should be forfeited to the United States under 18 U.S.C. § 924(d).

12.    The defendant agrees that the defendant committed all the essential elements of the offense.  This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case.  The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Counts One and Three of the Indictment.

AGREED TO AND STIPULATED on this 24ᵗʰ day of ___April___, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
ANDRE SHEMAR LEWIS
Defendant

_____
JEFFREY R. HAAG
Assistant United States Attorney
West Texas Branch Chief
Texas State Bar No. 24027064
1205 Texas Avenue, Suite 700
Lubbock, Texas  79401
Telephone:    806-472-7559
Facsimile:    806-472-7394
E-mail:    jeffrey.haag@usdoj.gov

_____
ERIC COATS
Attorney for Defendant